THOMAS H. PARSONS *vs.* ELISHA W. CANNON'S EXECUTOR.

1. JUDGMENT—PAYMENT—PRESUMPTION FROM LAPSE OF TIME.

While there is no statute of limitations respecting debts due on specialties and judgments, the courts have created a presumption of payment of a debt due on a specialty or judgment, where there has been no demand by the plaintiff or acknowledgment or recognition by the defendant for twenty years.

2. JUDGMENT—SPECIALTY DEBTS—PRESUMPTION OF PAYMENT—ENTRY OF JUDGMENT.

Where twenty years had expired since the execution of a specialty evidencing a debt, and containing a warrant of attorney authorizing the creditor to enter judgment, before judgment was entered, it would be presumed that the debt was paid, and the creditor's executor was not entitled to enter judgment on the debt after the expiration of such time without rebutting the presumption by satisfactory evidence.

3. JUDGMENT—CONFESSION—WARRANT OF ATTORNEY—TERMINATION.

Where a specialty evidencing a debt authorized the creditor to enter judgment, but twenty years expired without judgment being entered, it would be presumed that the warrant of attorney had been revoked.

4. Judgment—Wrongful Entry—Debt—Presumption of Payment—Rule to Vacate Judgment—Scope of Proceeding.

Where judgment was wrongfully entered on a specialty by the creditor's executor after more than twenty years had expired since the execution of the instrument, the court, on a rule to show cause why the judgment should not be set aside, would not hear testimony to rebut the presumption of payment of the debt; the executor being confined to an action at law to prove the debt.

*(October 15, 1912.)*

Pennewill, C. J., and Boyce and Rice, J. J., sitting.
*Robert C. White* and *James M. Tunnell* for plaintiff.
*Charles S. Richards* for defendant
Superior Court, Sussex County, October Term, 1912.

Rule (No. 1, October Term, 1912) to show cause why the judgment entered by confession on a specialty for a debt more than twenty years after the debt was due, under a warrant of attorney annexed thereto, should not be vacated and set aside. Rule absolute.

The facts and contentions appear in the opinion of the court.

Rice, J., delivering the opinion of the court:

The facts set forth in the petition filed in this case are that Granville A. Cannon, executor of Elisha W. Cannon, deceased, by virtue of a warrant of attorney annexed to a judgment note, on August 28, 1912, caused judgment to be entered against Thomas H. Parsons, the petitioner, in the Superior Court of the State of Delaware, in and for Sussex County. The judgment note was executed by the petitioner in favor of Elisha W. Cannon, the deceased, on May 22, 1888, for the sum of three hundred and ten dollars, which sum, with interest, was by the terms of the note due and payable on May 1, 1889; the judgment entered being No. 126 to the June Term, 1912.

In the petition was a prayer for the issuance of a rule against Granville A. Cannon, executor, to show cause why said judgment should not be vacated and set aside. The court granted the rule, and its issuance and service were waived by counsel for the plaintiff in the judgment.

At the hearing on the rule the petitioner claimed that, more

than twenty years having elapsed from the time the judgment note was due, and the time judgment was entered thereon, according to law the debt was presumed to be paid, and the warrant of attorney with power to enter judgment revoked.

Counsel for the respondent in the rule, the plaintiff in the judgment, did not dispute the facts as alleged in the petition, but contended it was necessary for the petitioner to show to the court, by satisfactory proof, that the debt had been paid, before it would be proper to make an order to vacate and set aside the judgment, also that the court at this hearing should hear evidence to rebut any presumption of payment.

[1] In this state there is no statute of limitations respecting debts due on specialties and judgments, but our courts have often held, and it is now too well established to be controverted, that there prevails in this state a presumption of payment of a debt due by a specialty or judgment where there has been no demand by the plaintiff or acknowledgment or recognition by the defendant for twenty years. *Farmers' Bank v. Leonard*, 4 *Harr.* 536; *Maxwell v. De Valinger*, 2 *Penn.* 504, 47 *Atl.* 381.

That the instrument upon which judgment was entered in this case is a specialty is admitted by the respondent, therefore this question need not be considered by the court, but we are to consider whether the judgment was lawfully entered before the presumption of payment was rebutted by satisfactory evidence, and whether we should at this time hear testimony rebutting that presumption.

[2] If this judgment had been entered any time within twenty years after the debt was due, and the defendant believed the debt to be paid, it would have been a burden on him in an appropriate action to establish the fact, but after the lapse of twenty years the presumption of payment lies, the burden shifts and the *onus* is on the plaintiff to rebut the presumption of payment by satisfactory evidence, before he will be entitled to judgment.

In the case of *Maxwell v. De Valinger*, 2 *Penn.* 504, 47 *Atl.* 381, the court in passing upon the *onus* of the burden to rebut the presumption of payment said:

"The burden of removing the legal presumption of the payment of a judgment is upon the party seeking to rebut it."

[3] Since the debt represented by the judgment note was presumed to be paid, the authority in the warrant of attorney attached thereto, must be considered to have been revoked, at least it was without power to authorize the entering of judgment on a debt presumed in law to be paid.

[4] In respect to the contention of the respondent in the rule that the court should at this time hear testimony to rebut any presumption of payment, we are of the opinion that the testimony should not be heard in this summary proceeding, but the respondent if he desires to prove his debt should be compelled to bring an action at law, where the debtor would be entitled to plead any legal defense he might have, and upon issue joined on the pleadings, to have a trial of his case before a jury.

The rule is made absolute and the court orders the judgment to be vacated and set aside.