In the Matter of the Estate of VICTOR R. ALLEN, Deceased.

*Orphans' Court, Sussex, April 24, 1951.*

CAREY, JR., sitting.

594

*Robert W. Tunnell,* of Georgetown, for Harriett A. Allen, administratrix of Victor R. Allen, deceased.

*Caleb M. Wright,* of Georgetown, for Whitmoyer Laboratories, Inc.

*James M. Tunnell, Sr.,* of Georgetown, for Robert F. Brown, executor of Dora E. Brown, deceased.

CAREY, Justice, ■ ■ The judgment of Maggie S. Wilson will be given no consideration because of her answer denying any present claim herein. The judgments in the Superior Court of The First National Bank of Seaford, the American Agricutural Co., O. E. Wiley, Enterprise Milling Co. and Allen Package Co., Inc. will be considered together, since they were all entered more than twenty years before the death of Mr. Allen and no suit has been brought to renew or revive any of them. As indicated above, no answers herein were filed by any of these judgment creditors, and the problem presented by the existence of the judgments is caused by the wording of *Code Section* 3839, *as amended by Volume* 42 *Laws of Delaware, p.* 292, *c.* 142. This reads as follows:

"3839. Sec. 41. Of What Debts Notice Presumed:—An executor or administrator shall be deemed to have notice of judgments, decrees, recognizances and mortgages (but not of the bonds accompanying such mortgages) of record in any county of this State, unless there has been a failure to insert them in the index of the docket wherein they stand; except judgments and recognizances before a Justice of the Peace, of which he shall not be charged with notice, unless actual notice be given."

This Act was again amended in 1949, 47 *Laws of Delaware, p.* 182, *c.* 116, in such manner as would eliminate the problem here presented, but this latest amendment is not retroactive and does not apply to this case. The law here applicable, therefore, charged the petitioner with notice of the foregoing judgments, even though no probate thereof was made. The trouble is, however, that the debts represented by the judgments are presumed to have been paid because of the passage of more than twenty years with

nothing done to rebut that presumption. The burden of overcoming this presumption is upon the plaintiff. *Parsons v. Cannon's Executor,* 4 *Boyce* 298, 88 *A.* 470; 1 *Woolley's Delaware Practice,* 584. I find nothing in *Code Section* 3839 which is designed to affect or alter any rule of law pertaining to presumption of payment or the burden of overcoming it; the fact that the administratrix is charged with notice of the judgment does not abolish the presumption or shift the burden. Since no action has been taken by any of these plaintiffs, even after notice of the present petition, the presumption of payment exists. They will not be ordered paid.

■ ■ The judgment in favor of Dora E. Brown, administratrix, requires separate comment. In response to the summons, an appearance was entered for Robert F. Brown, executor of Dora E. Brown, who was administratrix of J. Fred Brown. An answer was filed by him under oath averring that, on one occasion prior to August 30, 1935, he heard Victor R. Allen say to Dora E. Brown that he would pay her this debt although he was then "down and out"; that Victor R. Allen has never paid the deponent any money on the judgment; and that the deponent believes the full amount is still due and owing. This claimant, however, never made any demand for payment upon the present administratrix, nor has he ever brought any action in the Superior Court to renew or revive the judgment.

After due consideration, I reached the conclusion that the affidavit filed in this proceeding could not operate as a substitute for a proper action in the Superior Court to revive the judgment. Trial of any issue between the claimant the petitioner could not be held in this proceeding. This is for the reason, among others, mentioned by Judge Speakman *In re Ellis' Estate,* 24 *Del. Ch.* 393, 406, 6 *A.2d* 602, 608.

"The Section under consideration contains no language which would warrant the assumption that the Legislature intended that this

Court was to be given jurisdiction to inquire into and determine controversies of either a legal or equitable nature between an executor or administrator and those holding claims against a decedent's estate.

"In a proceeding under the section the only controversy that could arise is between the creditors touching the order of payment of their respective demands. As between a personal representative and creditors this Court is not authorized to go outside of the petition for the purpose of determining the character of the demands of the respective creditors."

After reaching the foregoing conclusion, I advised counsel of it and I stayed further proceedings herein for sixty days in order to give this claimant further opportunity to take such action as he might desire. That period has passed and he has done nothing further, so far as I have been informed. This judgment will accordingly be considered in the same category as the others and will not be ordered paid.

The judgment entered in favor of Whitmoyer Laboratories, Inc. by a Justice of the Peace falls within the sixth class in the order of paying demands, and should be paid in full. The notes held by the Receiver of Campbell, Ensor Co. are "contracts under hand for the payment of money" and are within the ninth class. They are, therefore, entitled to priority over the open accounts which are in the tenth class. The failure to probate these two claims cannot be considered in this proceeding. *In re Ellis' Estate, supra*, 24 *Del. Ch. at page* 408, 6 *A.* 2d 602.

An order will be entered directing the payment of costs in this court, other administration expenses and fees, the Whitmoyer judgment in full, and the Campbell notes to the extent of any balance then remaining.